IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENT J. GODDARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1463-GBW |
| | ) |
| BETH PHILLIPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of January, 2023, having considered the parties' responses to the Court's Order to show cause why the case should not be dismissed (D.I. 11, 12);

IT IS HEREBY ORDERED that this case is **REMANDED**.

IT IS FURTHER ORDERED that all pending motions are **DENIED** as moot. (D.I. 3, 4, 5, 6).

In April 2022, Plaintiff Regent J. Goddard filed this action in the Justice of the Peace Court of the State of Delaware in and for New Castle County. *See Goddard v. Phillips et al.*, C.A. No. JP9-22-000302 (Del. J.P. Ct.).[1] The case was dismissed in August 2022, for lack of subject matter jurisdiction. On November 7, 2022, Defendants filed a Notice of Removal in this Court, purporting to remove the case pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 2679(d)(2), as well as 42 U.S.C. § 233(c).

---

[1] The state court docket is available online at:

https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=JP9-22-000302&begin_date=&end_date=

Federal courts have an obligation "to examine their subject matter jurisdiction at all stages of litigation *sua sponte* if the parties fail to raise the issue." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The removal statutes cited by Defendants only authorize removal of cases "pending" in State court at the time the notice of removal is filed. *See* 28 U.S.C. §§ 1441(a), 1446(a), 2679(d)(2); 42 U.S.C. § 233(c).

Accordingly, because the state-court matter was dismissed and closed prior to removal, and thus was no longer "pending," this Court lacks removal jurisdiction and must remand the matter to state court. *See Smith v. Toyota Motor Sales, U.S.A. Corp.*, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007); *see also Castano v. Signature Flight Support LLC*, 2022 WL 17070123, at *3 (D.N.J. Oct. 27, 2022 (collecting cases).

_____
United States District Judge